UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON E. BOTTO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-679 |
| | § | |
| SAMUEL AYALA, JIMMY DIAZ, | § | |
| ANGEL J. BASULTO, JASTBITME LLC, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is a complaint filed by plaintiff Jason Botto against defendants Samuel Ayala, Jimmy Diaz, Angel Basulto, and LASTBITME LLC ("Defendants"). Dkt. 1. Because the court lacks subject matter jurisdiction to hear this case, the court is of the opinion that the instant suit should be DISMISSED WITHOUT PREJUDICE.

"It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). The court can do so on its own motion. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "Federal courts have original jurisdiction over all civil actions 'arising under the Constitution, laws, or treaties of the United States' as well as those where there is 'diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.'" *Willis of Texas, Inc. v. Stevenson*, Civil Action No. H-09-cv-404, 2009 WL 7809247, *1, *4 (S.D. Tex. May 26, 2009) (Ellison, J.) (citing 28 U.S.C. §§ 1331, 1332). Federal question jurisdiction exists "only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause

of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.*

Here, the complaint fails to allege facts giving rise to diversity jurisdiction or federal question jurisdiction. No diversity exists because all parties are citizens of Texas. *See* Dkt. 1 at ¶ 1 (plaintiff Jason Botto is a Texas citizen); *see id.* at ¶ 2 (Defendants are Texas citizens).

Additionally, no federal question exists because Botto sues for breach of contract and breach of promissory note. *Id.* at ¶¶ 4–5. Federal law did not create either cause of action. *See, e.g., id.* at 8 (Texas law to govern joint venture agreement); *see also id.* at 11 (Texas law to govern promissory note). Nor does Botto's right to relief necessarily depend on resolution of a substantial federal law. *See, e.g., Goffney v. Bank of America, N.A.*, 897 F. Supp. 2d 520, 525 (S.D. Tex. Sep. 17, 2012) (Lake, J.) (resolution of plaintiff's breach of deed of trust claim did not require resolution of federal issues when Texas contract law controlled whether defendants actions violated the deed of trust).

Because the complaint does not give rise to diversity or federal question jurisdiction, the court lacks subject matter jurisdiction. Accordingly, the court DISMISSES the case WITHOUT PREJUDICE. The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on March 12, 2018.

_____
Gray H. Miller
United States District Judge